Joseph G. Adams (#018210)
David G. Barker (#024657)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, Arizona 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Email: jgadams@swlaw.com
Email: dbarker@swlaw.com

Attorneys for Plaintiff
Great American Duck Races, Inc.

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| Great American Duck Races, Inc., an Arizona corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>F&W Trading LLC, a New Jersey limited liability company,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff Great American Duck Races, Inc., which does business as Great American Merchandise & Events ("GAME"), alleges the following for its complaint against defendant F&W Trading LLC ("Defendant"):

**PARTIES**

1.  GAME is an Arizona corporation with its principal place of business located in Scottsdale, Arizona.

2.  Defendant is a New Jersey limited liability company with its principal place of business in Lakewood, New Jersey.

**JURISDICTION AND VENUE**

3.  This civil action includes claims for patent infringement arising under the

1  patent laws of the United States, 35 U.S.C. §§ 1-376.  This civil action further includes

2  claims for common law unfair competition under the laws of the State of Arizona.

3  GAME is a citizen of the State of Arizona.

4      4.    This court has subject matter jurisdiction over this action under 28 U.S.C.

5  §§ 1331 and 1338.  This Court also has supplemental jurisdiction over the claim of

6  unfair competition as provided in 28 U.S.C. § 1367.

7      5.    This Court has personal jurisdiction over Defendant because Defendant

8  has committed acts of patent infringement, contributed to and induced acts of patent

9  infringement by others, and/or committed acts of unfair competition in the District of

10 Arizona and elsewhere in the United States.  Defendant has substantial and continuous

11 contacts with the State of Arizona, has purposefully availed itself of the privilege of

12 doing business in Arizona, and has purposefully directed its infringing activities at

13 Arizona, knowing GAME would be harmed by the infringement in Arizona.  Further,

14 Defendant has purposefully injected its infringing products into the stream of commerce,

15 knowing that the infringing products would be sold in Arizona, and Defendant's

16 products have in fact been sold in Arizona.

17     6.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c)

18 and 1400(b) because Defendant is subject to personal jurisdiction here and has

19 committed acts of infringement here, and because a substantial part of the events giving

20 rise to GAME's claims occurred here.

## FACTUAL BACKGROUND

22     7.    Headquartered in Scottsdale, Arizona, GAME is an innovative marketing

23 and merchandise company that sells popular consumer products directed at the pool and

24 spa industry.  GAME's products are sold in a variety of well-known retail outlets, such

25 as Fry's/Kroger, Target, Wal-Mart, and Walgreens, as well as through online retailers,

26 such as Amazon.com.  GAME also provides services to diverse non-profit organizations

27 that raise millions of dollars for charities across the globe with GAME's well-known

28 "Derby Duck Races."

- 2 -

20226478

8. GAME is the exclusive licensee of rights to a unique series of products called the Underwater Light Show or Underwater Light Show & Fountain (collectively, "ULS"), including the right to manufacture, advertise, promote, offer for sale, sell, and distribute the ULS in the United States. GAME has been selling the ULS since March 13, 2006. Since the introduction of the products, GAME has sold over 5.0 million units of ULS products. GAME sells the ULS through national retailers, including the well-known retail outlets listed above.

9. The ULS provides a novel and entertaining, bright and colorful light display in a body of water. The ULS creates light shows by, for example, causing LEDs to flash randomly, stay on continuously, fade from one color to the next, flash multiple colors together, or to randomly cycle through various shows. The result is an attractive light display that enhances the environment in and around a body of water.

10. Since 2006, GAME has invested significant sums to market and advertise the ULS, which has resulted in significant consumer goodwill and recognition of GAME as the source of the ULS, including the ULS depicted below. The ULS contains non-functional, source-identifying trade dress, designs, features, and other indicia that are distinctive and capable of identifying GAME as the source of the ULS.

11. On August 19, 2008, the United States Patent and Trademark Office ("PTO") issued United States Patent Number 7,413,319 ("the '319 Patent") [attached as Ex. A], entitled "METHOD AND SYSTEM FOR UNDERWATER LIGHT DISPLAY," and on May 18, 2010, the PTO issued United States Patent Number 7,717,582 ("the '582 Patent") [attached as Ex. B], also entitled "METHOD AND SYSTEM FOR UNDERWATER LIGHT DISPLAY," to Jose Longoria, Loren T. Taylor, and Traci Heather Feldman. Taylored Concepts, LLC, a New Jersey corporation having its principal place of business located in Chatham, New Jersey, and Longoria Design, LLC, a Florida company having its place of business located in Miami, Florida, are the assignees of all right, title, and interest in and to the '319 and '582 Patents. The '319 and '582 Patents include disclosure relating to the ULS. True and correct copies of

- 3 -

the '319 and '582 Patents are attached to this Complaint as Exhibit A and Exhibit B.

12. GAME is the exclusive licensee of the '582 and '319 Patents from Taylored Concepts, LLC and Longoria Design, LLC, with the exclusive right to manufacture, advertise, promote, offer for sale, sell, and distribute products associated with the '582 and '319 Patents in the United States, and with the right to bring suit to enforce the '582 and '319 Patents, including the right to recover damages for past infringement. GAME has been the exclusive licensee throughout the period of the Defendant's infringing acts and remains as such.

13. FIGs. 4 and 8 from the '582 patent, shown below, which are similar to FIGs. 4 and 8 from the '319 patent, illustrate GAME's patented ULS:



14. A front view and a top view of GAME's patented ULS are shown below:




- 4 -

20226478

15. Defendant manufactures, sells, imports into the United States, and/or distributes an infringing product under the name "Floating Underwater LED Light Show" ("Floating Light Show").

16. Defendant's infringing Floating Light Show is illustrated below:




17. Defendant has made, used, sold, or offered for sale Defendant's Floating Light Show in the United States and in Arizona, and has imported or distributed Defendant's Floating Light Show into the United States and into Arizona. In particular, the Floating Light Show has been sold on Amazon.com.

18. On information and belief, Defendant sells or offers for sale the Floating Light Show in a variety of channels. Among other things, Defendant advertises and markets the Floating Light Show on Amazon.com at http://www.amazon.com/PoolWorks-Floating-Underwater-Entertaining-Experience/dp/B00HYLXGDQ/.

19. Defendant copied functional aspects of the ULS, such that Defendant's Floating Light Show infringes one or more claims of the '582 and '319 Patents.

20. On information and belief, prior to copying the ULS, Defendant was aware that the ULS was protected by the '582 and '319 Patents.

21. On information and belief, based on Defendant's intentional copying of the ULS and Defendant's knowledge of the '582 and '319 Patents before copying the

- 5 -

ULS, Defendant willfully infringed the '582 and '319 Patents.

## DEFENDANT INTENTIONALLY COPIED GAME'S PRODUCTS TO UNFAIRLY COMPETE WITH GAME

22. Under the "PoolWorks" name, Defendant has copied GAME's ULS.

23. In particular, Defendant has offered for sale and sold a virtually identical copy of GAME's ULS product, namely the Floating Light Show.

24. On information and belief, Defendant has made, used, sold, or offered for sale Defendant's Floating Light Show in the United States and in Arizona, and has imported or distributed Defendant's Floating Light Show into the United States and into Arizona.

25. On information and belief, Defendant purposefully directed its intentional acts of infringement relating to Defendant's Floating Light Show at Arizona by expressly aiming those intentional acts at Arizona, with the knowledge that GAME was likely to suffer harm in Arizona.

26. Defendant's Floating Light Show is sold on Amazon.com, including to consumers in Arizona and other states, and on information and belief, throughout the United States. On Amazon.com, Defendant's Floating Light Show is sold alongside GAME's ULS and other GAME products.

27. As a nearly identical copy, Defendant's Floating Light Show has also copied certain non-functional, distinctive, source-identifying features and indicia of the ULS in an attempt to unfairly compete with GAME and capitalize on the goodwill GAME has developed through its extensive marketing and sales of the ULS and its other products.

28. Defendant's Floating Light Show, while appearing nearly identical, is inferior in quality to the ULS product in numerous respects.

29. In addition to copying non-functional, source-identifying features and indicia associated with the ULS, Defendant also copied functional aspects of the ULS, such that Defendant's Floating Light Show infringes one or more claims of the '582 and

'319 Patents.

30.     Defendant intentionally copied the ULS, which is evidenced by the degree to which Defendant sought to make the copied products appear nearly identical to GAME's products.  As depicted above, Defendant attempted to make nearly identical copies of certain functional and non-functional features of the ULS, including without limitation, (1) the overall shape of the ULS, (2) the shape and location of lenses on the ULS, (3) the location of batteries within the ULS, (4) the varying underwater light display associated with the ULS, (5) certain labels and marking appearing on the ULS and packaging, (6) the location of the interior light assembly, and (6) the shape of the packaging in which the ULS is sold.

31.     Defendant's intent to copy is also evidenced by Defendant placing Defendant's Floating Light Show in direct proximity to GAME's ULS and other GAME products on Amazon.com, including to appear in a search for the terms "Underwater Light Show."

32.     Defendant's direct and intentional copying show that non-functional, source-identifying features of the ULS that Defendant copied are distinctive and have secondary-meaning, such that consumers identify GAME as the source of the ULS based on those features.

33.     Prior to copying the ULS, Defendant was aware that the ULS was protected by the '582 and '319 Patents.

34.     Based on Defendant's intentional copying of the ULS and Defendant's knowledge of the '582 and '319 Patents before copying the ULS, Defendant willfully infringed the '582 and '319 Patents.

35.     Defendant is unfairly competing with GAME, because Defendant made nearly identical copies of the ULS, has infringed the '582 and '319 Patents, and has copied and infringed the non-functional, source-identifying features and trade dress of the ULS.  As such, Defendant is piggybacking on GAME's goodwill and fame, to GAME's detriment and Defendant's unfair advantage and gain.

20226478

## COUNT ONE

### (Infringement of the '582 Patent)

36. GAME realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

37. Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '582 Patent by practicing one or more claims of the '582 Patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of Defendant's Floating Light Show in violation of 35 U.S.C. § 271.

38. Defendant has infringed and is continuing to infringe the '582 Patent by contributing to and/or actively inducing the infringement by others of the '582 Patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of Defendant's Light Show in violation of 35 U.S.C. § 271.

39. On information and belief, Defendant has willfully infringed the '582 Patent.

40. Defendant's acts of infringement of the '582 Patent will continue as alleged in this Complaint unless enjoined by the Court.

41. As a direct and proximate result of Defendant's infringement of the '582 Patent, GAME has suffered and will suffer monetary damages.

42. GAME is entitled to recover from Defendant the damages sustained by GAME as a result of Defendant's wrongful acts in an amount to be determined at trial.

43. GAME has suffered irreparable harm as a result of Defendant's infringement of the '582 Patent.

44. Unless Defendant is enjoined by this Court from continuing its infringement of the '582 Patent, GAME will continue to suffer irreparable harm and impairment of the value of its patent rights. Thus, GAME is entitled to a preliminary and permanent injunction against further infringement.

## COUNT TWO

### (Infringement of the '319 Patent)

45. GAME realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

46. Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '319 Patent by practicing one or more claims of the '319 Patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of Defendant's Floating Light Show in violation of 35 U.S.C. § 271.

47. Defendant has infringed and is continuing to infringe the '319 Patent by contributing to and/or actively inducing the infringement by others of the '319 Patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of Defendant's Floating Light Show in violation of 35 U.S.C. § 271.

48. On information and belief, Defendant has willfully infringed the '319 Patent.

49. Defendant's acts of infringement of the '319 Patent will continue as alleged in this Complaint unless enjoined by the Court.

50. As a direct and proximate result of Defendant's infringement of the '319 Patent, GAME has suffered and will suffer monetary damages.

51. GAME is entitled to recover from Defendant the damages sustained by GAME as a result of Defendant's wrongful acts in an amount to be determined at trial.

52. GAME has suffered irreparable harm as a result of Defendant's infringement of the '319 Patent.

53. Unless Defendant is enjoined by this Court from continuing its infringement of the '319 Patent, GAME will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, GAME is entitled to a preliminary and permanent injunction against further infringement.

## COUNT THREE

### (Common Law Unfair Competition)

54. GAME hereby realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

55. GAME owns common law rights in distinctive, non-functional, source-identifying aspects of the ULS (the "ULS Trade Dress") in Arizona and throughout the United States.

56. Defendant has sold and continues to sell nearly identical copies of GAME's ULS, and Defendant's Floating Light Show infringes the ULS Trade Dress.

57. Defendant has intentionally caused their nearly identical product to appear in close proximity to the ULS on Amazon.com.

58. Defendant has intentionally caused Defendant's Floating Light Show to appear to be similar to the ULS, but Defendant's Floating Light Show is an inferior knock-off product.

59. By reason of Defendant's acts alleged herein, Defendant falsely represents that Defendant is somehow affiliated with, or sponsored or endorsed by, GAME; Defendant dilutes the goodwill in the ULS Trade Dress; and Defendant's conduct is therefore likely to confuse, mislead, or deceive purchasers.

60. By reason of Defendant's acts alleged herein, GAME has suffered and continues to suffer damage to its business, reputation, and goodwill, together with the loss of sales and profits GAME would have made but for Defendant's acts, in an amount to be proven at trial.

61. By reason of Defendant's acts alleged herein, GAME has suffered and continues to suffer irreparable damage. Unless Defendant is restrained, the damage and irreparable harm to GAME will increase. GAME has no adequate remedy at law. GAME is entitled to preliminary and permanent injunctive relief.

20226478

# PRAYER FOR RELIEF

WHEREFORE, GAME prays for judgment against Defendant as follows:

1. For judgment in favor of GAME and against Defendant on the claims set forth above;

2. For judgment that the '582 and '319 Patents are valid, enforceable and infringed by Defendant;

3. For profits and damages resulting from Defendant's past and present infringement of the '582 and '319 Patents;

4. For judgment that Defendant's conduct on each of the claims set forth above was willful, intentional, and/or in bad faith;

5. For treble damages resulting from Defendant's willful infringement of the '582 and '319 Patents under 35 U.S.C. § 284;

6. For Defendant's profits, and damages resulting from Defendant's willful intent to trade on GAME's reputation and goodwill, and Defendant's willful intent to cause dilution of GAME's reputation and goodwill in the ULS trade dress;

7. For judgment that this is an exceptional case under 35 U.S.C. § 285;

8. For an award of reasonable attorneys fees, including under 35 U.S.C. § 285;

9. For injunctive relief, preliminarily and permanently enjoining against the continuing infringement of the '319 and '582 Patents by Defendant, its officers, agents, servants, employees, and those persons acting in active concert or in participation with them, under 35 U.S.C. § 283;

10. For injunctive relief, preliminarily and permanently enjoining against any conduct that tends to falsely represent or dilute, or that is likely to confuse, mislead, or deceive purchasers, Defendant's customers, and/or members of the public, to believe that Defendant's Floating Light Show is any way affiliated or connected with GAME;

11. For an order that all of Defendant's existing inventory of Defendant's Floating Light Show be impounded and destroyed, or otherwise reasonably disposed of;

20226478

12. For costs and disbursements incurred by GAME;

13. For an assessment of prejudgment interest; and

14. For any other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

GAME hereby demands a jury trial under Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit of which trial by jury is permitted.

Dated this 13th day of October, 2014.

SNELL & WILMER L.L.P.


By: s/ Joseph G. Adams
   Joseph G. Adams
   David G. Barker
   One Arizona Center
   400 E. Van Buren
   Phoenix, Arizona 85004-2202
   Attorneys for Plaintiff
   Great American Duck Races, Inc.

20226478